IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                                             No. 10-cv-0238 WJ/SMV

**NICOLE HICKS; THE FINANCE CO. OF
N.M., INC.; CREDIT ACCEPTANCE CORP.;
LESLIE BECKER; LITTLE BOYS LLC;
ASHOK KAUSHAL; LITTLE INVS. LLC;
N.M. DEP'T OF WORKFORCE SOLUTIONS;
DEBORAH HICKS; GLEN HICKS;
and PATRICK H. PADILLA;**

    Defendants.[1]

### MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on its Order to Show Cause [Doc. 98], issued on August 5, 2014. Defendant Ashok Kaushal's show-cause response was due by August 12, 2014, but he has not responded in any way. Accordingly, I will recommend that default judgment be entered against him pursuant to Fed. R. Civ. P. 16(f) and 37(b) and the Court's inherent authority.

### Background

On March 9, 2011, Defendant Kaushal, proceeding pro se, entered his appearance in this case. [Doc. 35]. On June 4, 2014, the Court entered its Initial Scheduling Order [Doc. 95]

---

[1] Defendant Kaushal is the only remaining defendant. The Finance Company of New Mexico was voluntarily dismissed. *See* [Doc. 44]. Default judgments have been entered against Defendants Credit Acceptance Corporation; Leslie Becker; Little Boys, LLC; Little Investments, LLC; Nicole Hicks; Deborah Hicks; and Glen Hicks. [Docs. 27, 28, 67, 68, 77, 90]. Defendants Bernalillo County Treasurer (formerly Patrick H. Padilla, now Manny Ortiz) and New Mexico Department of Workforce Solutions have entered into a stipulation with the United States resolving the claims against them. [Doc. 89].

("ISO"). In the ISO, the Court set a telephonic Rule 16 scheduling conference for August 5, 2014, at 9:30 a.m. and required the parties to submit a Joint Status Report and Provisional Discovery Plan ("JSR"). The notice of electronic filing for the ISO shows that it was mailed to Defendant Kaushal at the address provided by him in his notice of appearance.

On June 26, 2014, Plaintiff's counsel sent Defendant Kaushal another copy of the ISO via Federal Express along with a template of the JSR. *See* [Doc. 98-1]. According to Plaintiff's counsel, Defendant Kaushal participated in phone conferences regarding the drafting of the JSR. *See* [Docs. 96, 97]. However, Defendant Kaushal did not appear at the telephonic Rule 16 scheduling conference as ordered by the Court. [Doc. 97].

The Court notes that the August 5, 2014 scheduling conference was not the first time that Defendant Kaushal had failed to appear for a scheduled hearing. He also failed to appear for telephonic status conferences set for January 9, 2014, and June 3, 2014. [Docs. 81, 94].

## Discussion

Federal Rules of Civil Procedure 16(f)(1)(A), 16(f)(1)(C), and 37(b)(2)(A)(vi) authorize courts to impose sanctions, including rendering default judgment against a disobedient party for failing to appear at a scheduling or other pretrial conference or for failing to obey a scheduling or other pretrial order. Default judgment is a "harsh sanction that should be used only when a party's noncompliance is due to willfulness, bad faith, or any fault of the disobedient party and not when a party is unable to comply with a discovery order." *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (internal quotation marks and brackets omitted); *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (discussing the standard for dismissal—as opposed to default judgment—as a sanction).

In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than default judgment may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3. The Rules notwithstanding, courts have inherent power to impose sanctions, including reasonable expenses and attorney's fees. *E.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (courts have inherent power to impose sanctions "to deter frivolous and abusive litigation and promote justice and judicial efficiency"). Before entering default judgment, however, a court should consider the factors set forth in *Ehrenhaus*, 965 F.2d at 921. *Klein-Becker*, 711 F.3d at 1159 (applying the *Ehrenhaus* standard where district court entered default judgment as a sanction). The factors are:

> (1) the degree of actual prejudice to the [opposing party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal citation and ellipsis omitted).

Here, Defendant Kaushal's repeated failures to participate in the case and to comply with orders of this Court merit entry of default judgment against him. First, although Defendant Kaushal failed to appear at the last three hearings, the United States has not been prejudiced by those absences because the hearings and scheduling proceeded anyway. However, the United States has been prejudiced by Defendant Kaushal's general unresponsiveness to this case. For example, counsel for the government was required to reach out to Defendant Kaushal

by telephone several times and then by mail (sent via Federal Express) in order to meet and confer to formulate the JSR, as required by this Court and by the Rules.  *See* [Doc. 98-1]. Plaintiff should not be made to bear the expense of repeatedly reminding Defendant of his litigation responsibilities.

Second, Defendant Kaushal's repeated absences from hearings have interfered with the judicial process because his interests have not been represented, which is necessary for the effective progression of adversarial proceedings, and because such failures flout the Court's authority.  Moreover, because Defendant Kaushal did not appear at the Rule 16 scheduling conference, he did not receive any of the Court's instruction on pretrial procedure and expectation, nor was the Court able to consult with him regarding the potential for settlement, as it is required to do under the Rules.  His repeated absences necessitated the entry of the Order to Show Cause well as this Proposed Findings and Recommended Disposition, which is a completely avoidable expenditure of judicial resources.

Third, Defendant Kaushal is solely culpable for the failures.  He does not argue otherwise.  The record, as well as his sporadic participation in the case, confirms that he has been receiving filings in this case.  In fact, in at least one instance, counsel for the United States has forwarded an additional copy of filings. [Doc. 98-1].

Fourth, the Court expressly warned Defendant Kaushal that he was subject to sanctions under Rule 16(f), "including judgment against him," for his failures to appear. [Doc. 98] at 2. Nevertheless, he failed to respond to the Court's order requiring him to show cause why he should not be so sanctioned.

Finally, Defendant Kaushal's repeated failures to appear for scheduled hearings and his failure to respond to the Order to Show Cause indicate his intention to abandon defense of the case. Accordingly, I find that lesser sanctions would not be effective and, in fact, would be a further waste of judicial resources. Therefore, I find that entry of default judgment against Defendant Kaushal is warranted in this case.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that default judgment be entered against Defendant Ashok Kaushal pursuant to Federal Rules of Civil Procedure 16(f)(1)(A), 16(f)(1)(C), and 37(b)(2)(A)(vi) and the Court's inherent authority.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

5